UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re                                                                          Case No. 12-10511 (SCC)

HEATH GLOBAL, INC.,                                              Chapter 11

Debtor.

-----------------------------------------------------------x

JIM MAGNER,                                                           Adv. Pro. No.  12-01664

Plaintiff,

                v.

HEATH GLOBAL, INC.,

Defendant.

-----------------------------------------------------------x


## ORDER GRANTING DEBTOR'S MOTION FOR STAY PENDING APPEAL


THIS MATTER having come before the Court on the motion (the "Stay Motion") of

Defendant Heath Global, Inc. (the "Debtor") for a Stay Pending Appeal (the "Appeal") Pursuant

to Rule 8005 of the Federal Rules of Bankruptcy Procedure of the Order entered on November 7,

2012, granting summary judgment in favor of Jim Magner ("Magner") and denying the Debtor's

motion to dismiss; and the Court having reviewed the papers filed by the Debtor in support of the

Stay Motion and the papers filed by Magner in opposition to the Stay Motion, and the Court

having heard oral argument on the Stay Motion on November 20, 2012, and for other good

cause,

IT IS HEREBY ORDERED THAT:

1.      The Stay Motion is hereby GRANTED to the extent and on the terms provided

herein.

2.    During the pendency of the Appeal, Magner is entitled and permitted to request and demand that Escrow.com, the escrow agent holding the registration rights to the Domain Name (the "Escrow Agent"), change the "dns" settings associated with the Domain Name in accordance with Magner's instructions.[1]

3.    Notwithstanding anything to the contrary in the Escrow Agreement or the Sale Agreement, the Debtor is barred from directing or instructing the Escrow Agent to make any changes to the "dns" settings or registration associated with the Domain Name during the pendency of the Appeal.

4.    Magner, in his sole discretion, is entitled and permitted to develop and operate a website accessible from the Domain Name during the pendency of the Appeal. Subject to the provisions of Paragraph 6 below, the registration for the Domain Name will at all times remain in escrow with the Escrow Agent until the earlier to occur of (a) a further order of the Bankruptcy Court lifting or modifying this Stay Order or (b) an order of an appellate court finally disposing of the Appeal. All fees due to the Escrow Agent for its services are the exclusive obligation of the Debtor and must be paid by the Debtor.

5.    In his sole discretion, Magner is entitled and permitted to sell his ownership interest in the Domain Name in an arm's length transaction during the pendency of the Appeal. The Debtor shall not interfere in any way with Magner's right to sell his ownership interest in the Domain Name. Magner shall provide to Debtor and its counsel written notice of any such sale no less than five (5) business days prior to the consummation of such sale.

6.    Upon consummation of any sale of Magner's ownership interest in the Domain Name during the pendency of the Appeal, (i) the proceeds from such a sale shall be escrowed

---

[1] Undefined capitalized terms in this Order shall have the same meaning as in the Bench Decision and Order docketed on November 16, 2012 (Dkt. No. 23).

with Magner's counsel, McCarter English, LLP, until further order of the Bankruptcy Court or of

an appellate court and (ii) upon receipt of such proceeds by McCarter English, LLP, the Domain

Name shall be released from escrow by the Escrow Agent and transferred to the purchaser of the

Domain Name, subject to whatever rights the Escrow Agent may have with respect to the

payment of its escrow fees, without further order of the Court.  At such time, Magner may seek

appropriate relief from the Bankruptcy Court in order to mitigate any alleged time value of

money risk to Magner during the pendency of the Appeal (e.g., interest on the escrowed funds).

The Debtor shall have an opportunity to respond to any such request for relief.


Dated: December 6, 2012
New York, New York


                                    */s/ Shelley C. Chapman*
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE